471 So.2d 1117 (1985)
CENTRAL LOUISIANA ELECTRIC COMPANY, Plaintiff-Appellee,
v.
COX CONSTRUCTION COMPANY, INC., Defendant-Appellee,
State of Louisiana, Department of Transportation and Development, Third Party Defendant-Appellant.
No. 84-526.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Robert T. Talley, Baton Rouge, for defendant-appellant.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Christine Frank, Alexandria, for defendant-appellee.
Provosty, Sadler and Delaunay, Ricky L. Sooter, Alexandria, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
GUIDRY, Judge.
Central Louisiana Electric Company (CLECO) filed suit for damages sustained when a tree was felled onto a high voltage transmission line owned by it. The tree was felled by a bulldozer operator while on a jobsite near Louisiana Highway 1 and Interstate 49 in Rapides Parish.
Plaintiff, CLECO, in its original petition, named Cox Construction Company, Inc. (Cox) as defendant. CLECO alleged that the bulldozer operator was an employee of Cox and the negligent felling of the tree onto CLECO's line caused a power surge which damaged electrical appliances owned by its customers. Cox, in answer to plaintiff's petition, admitted that a bulldozer operated by one of its employees was involved in the accident but averred that the employee was working at the time for the State of Louisiana, Through the Department of Transportation and Development (DOTD) as a borrowed employee. Cox also filed a third party demand against DOTD.
CLECO later amended its petition to name as additional defendants, DOTD and *1118 Key Constructors, Inc.[1] CLECO alleged that DOTD was the employer of the bulldozer operator at the time the tree was felled under the borrowed servant rule. DOTD generally denied the allegations set forth in CLECO's amended petition and also filed a third party demand against Cox.
After trial on the merits, the trial court found the proximate cause of the accident to be the negligence of Albert Scott, the bulldozer operator. The lower court found Cox and DOTD vicariously liable for Scott's tort. In assessing damages, the trial court made the following comments in its written reasons for judgment:
"In weighing all of the facts and circumstances of the case, the Court is of the opinion that the plaintiff should be awarded judgment in the amount of $3,551.47 (damages stipulated), against both defendants jointly and in solido, together with legal interest from date of judicial demand until paid, together with all cost of court.
As between the two defendants, the Court is of the opinion that defendant State of Louisiana, through the Department of Transportation should be liable to the extent of 75% of the total judgment, including 75% of total court costs, and defendant Cox Construction Company should be liable for 25% thereof, and 25% of total court costs."
DOTD suspensively appealed the judgment of the trial court. Cox has neither appealed nor answered DOTD's appeal, consequently, the judgment cannot be modified or changed in favor of Cox. Gaspard v. Aetna Insurance Company, 390 So.2d 243 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 909 (La.1981).

FACTS
On February 15, 1982, Albert Scott, a bulldozer operator employed by Cox, was working on a construction job on Interstate 49 in Rapides Parish. On the morning of February 15th, Scott's supervisor was approached by members of a DOTD survey crew and requested to allow Scott to assist them in moving some dirt with his bulldozer. Scott was allowed to do this work for DOTD. Later in the day, Scott was asked by a DOTD survey worker to clear some trees near the Interstate highway in order to facilitate their surveying. Although it appears that permission from Scott's supervisor was not asked for on this occasion, it is evident that Scott believed that his supervisor had agreed to allow him to clear the trees for DOTD, so he undertook to do so. In order to perform the task at hand, it was necessary that Scott clear the trees in such a manner that the survey work could be properly carried out. To aid Scott in doing this, members of the survey crew would position themselves in such a way as to give Scott reference points to follow. After completing approximately ten or twelve "strips", as Scott referred to them, Scott was directed to fell one last tree which remained in the way. According to Scott, as he felled the fifty foot tall pine tree, it struck a transmission line which ran through the area. Scott testified that he did not see the line. DOTD workers testified that the line was quite obvious and that Scott was not warned of it because they assumed he saw it.

APPORTIONMENT OF DAMAGES
The sole issue presented on appeal is whether the trial court correctly apportioned damages as between DOTD and Cox. DOTD does not challenge the trial court's finding that Scott was a borrowed employee nor does DOTD question that it is solidarily liable with Cox. As aforestated, Cox cannot question the correctness of the lower court's decision inasmuch as it failed to appeal or answer DOTD's appeal.
The percentage of damages apportioned to each codefendant by a trial court is a factual determination. McCaskill v. Welch, 463 So.2d 942 (La.App. 3rd Cir. 1985), writ denied, 466 So.2d 469 (La.1985); *1119 Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). An appellate court may not disturb a trial court's findings and conclusions of fact in the absence of clear or manifest error, or abuse of discretion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978), our Supreme Court held that both the general and special employer may be solidarily liable to a third person for a tort committed by an employee. Later, in Thompson v. New Orleans Public Belt R.R., 373 So.2d 1312 (La.App. 4th Cir.1979), our brethren of the Fourth Circuit observed that:
"The LeJeune case did not decide the apportionment of damages as between the two employers. The present case requires such a decision, and on the basis of the underlying rationale of LeJeune and of the general concept of an employer's responsibility for its employee's torts, each should be held liable for its virile share toward each other."
The Thompson court noted that a co-obligor could be liable for the whole debt toward the other under La.C.C. Art. 2106, however, the court chose to hold each co-obligor liable for its virile share toward each other.
Although the Thompson court made no specific reference to La.C.C. Art. 2103 in reaching its decision, this article lends support to that court's finding each co-obligor liable for its virile share toward each other. When Thompson was decided, Article 2103 provided in pertinent part:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation."
Subsequent to the Thompson decision, La. C.C. Art. 2103 was amended and, at the time of the instant occurrence, it provided in pertinent part as follows:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi-contract, an offense, or a quasi-offense, the debt shall be divided between them. If the obligation arises from a contract or a quasi-contract, each debtor is liable for his virile portion. If the obligation arises from an offense or a quasi-offense, it shall be divided in proportion to each debtor's fault."[2] (Emphasis added).
Undoubtedly, in this case, the trial court relied upon Article 2103 to apportion damages between the solidary obligors, DOTD and Cox. While we can envision situations where Article 2106 might be applicable, in our view, this is not such a case. Resort to Article 2103 was appropriate in the instant case. Furthermore, we find no manifest error in the trial court's apportionment of damages as between DOTD and Cox.
Accordingly, the judgment of the trial court is affirmed at DOTD's cost.
AFFIRMED.
NOTES
[1] Key Constructors, Inc. was dismissed from the lawsuit by summary judgment. No appeal was taken from this ruling and it is now final.
[2] It should be noted that Titles III and IV of Book III of the Civil Code, which included La. C.C. Arts. 2103 and 2106, were revised by Act 331 of the Regular Session of the Legislature, effective January 1, 1985. The above cited provisions, as well as pertinent provisions of former Article 2106, are presently contained in Article 1804. Article 1804 does not change the law.