Dear Senator Heitmeier:
This office is in receipt of your opinion request of recent date in which you present the following issue for our review.
 (1) Whether the Chief of Police of Kenner, Louisiana, has a duty to patrol the New Orleans International Airport access road for the purpose of enforcing traffic safety laws after dedication of the road to the City of Kenner is revoked?
Both state law and Kenner's local law governs our response. According to Louisiana Revised Statute Article 32:2, the Department of Highways is empowered with the authority to exercise the police power of the state in order to supervise and regulate all traffic on all highways within the State of Louisiana. To that effect, all "law enforcement officers are duty bound to exercise power to regulate traffic reasonably to protect life and limb." Blair v. Tynes, 621 So.2d 591 (La. 1993); LSA-R.S. 32:5; Kenner, La., § 5.09.
It is unequivocally stated in the Kenner City Code that the City has the authority to adopt and enforce local police regulations which are necessary, proper or desirable in the legitimate exercise of its powers in promoting the general welfare of its inhabitants. Kenner, La., § 1.04. Pursuant to that authority, the City of Kenner adopted the Louisiana Highway Regulatory Act and all regulations of the State Department of Transportation and Development and the Department of Public Safety and Corrections. Kenner, La § 7.63.
It is our understanding that the municipal limits of the City of Kenner include the access road and the New Orleans International Airport. You advise in your letter that the Chief of Police of Kenner has questioned his jurisdiction regarding patrol of the roadway if and when the City of Kenner revokes the dedication and the ownership of the road is transferred back to the New Orleans Aviation Board.
According to the Louisiana Highway Regulatory Act, the New Orleans International Airport access road is a highway and thus would still remain a public road. The Louisiana Highway Regulatory Act, LSA-R.S. 32:1, defines a highway as:
 (1) A street which is open to vehicular traffic by members of the general public, even if the public is unlikely to use the road except to go to a particular place; and
 (2) maintained by the public.
The access road is open to the public and also happens to be a major thoroughfare between Airline Highway and I-10. Additionally, the ownership of the road would be returned to the City of New Orleans through the New Orleans Aviation Board and not a private person or entity. The fact that the ownership would be transferred from one municipality, being the City of Kenner, to another municipality, being the City of New Orleans does not change the fact that the road would still be maintained by the public. Thus, it appears that the access road would still be a public road, which is subject to the enforcement of law by the local police.
Additionally, according to the court in Galloway v. WyattMetal Boiler Works, (189 La. 827 (La. 1938)) a public road is a way open to all the people, without distinction, for passage and repassage at their pleasure. It is a public thoroughfare, and statutes regulating the operation of automobiles on the highways in the interest of public safety will ordinarily be construed to include all ways used by public right for public travel. By distinction, private roads are those which are only open for the benefit of certain individuals, to go from and to their homes, for the service of their lands, and for the use of some estate exclusively. Further, the La Supreme Court opined that the interpretation of "the term `highway' should be broadly construed in the light of the purpose of the statute to protect the public safety." Bardfield v. New Orleans Public Belt Railroad,371 So.2d 783, 786 (La. 1979).
Law enforcement officers are duty bound to exercise power to regulate traffic reasonably to protect life and limb. Blairv. Tynes, 621 So.2d 591 (La. 1993). When a law enforcement officer becomes aware of a dangerous situation, he has an affirmative duty to see that motorists are not subjected to unreasonable risks of harm. Monceaux v. Jennings Rice Drier,Inc., 590 So.2d 672 (La.App. 3rd Cir. 1991). See alsoDuvernay v. State, Dept. of Public Safety, 433 So.2d 254
(La.App. 1st Cir. 1983), writ denied, 440 So.2d 150 (La. 1983).
Thus, it is our opinion that the Chief of Police has not only the authority, but also the duty to enforce the provisions of the Louisiana Highway Regulatory Act as adopted by the City of Kenner, to enforce traffic safety laws on the public access road.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR.
ASSISTANT ATTORNEY GENERAL
RPI:CHB, Jr./mjb