476 So.2d 1057 (1985)
Barry & Sandra VEAZEY, Plaintiffs-Appellants,
v.
PARISH OF AVOYELLES, Louisiana, et al, Defendants-Appellees.
No. 84-638.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Writ Denied December 2, 1985.
Bolen & Erwin, Ltd., John B. Honeycutt, Jr., and Gregory S. Erwin, Alexandria, for plaintiffs-appellants.
*1058 J. Eddie Knoll, Marksville, James D. Davis, Alexandria, for defendants-appellees.
Before Domengeaux, Foret and Yelverton, JJ.
FORET, Judge.
This is a suit brought against the Parish of Avoyelles for damages allegedly resulting from the Police Jury's failure to post warning signs on a highway within its jurisdiction. Plaintiffs, Barry and Sandra Veazey, filed suit against the Parish of Avoyelles, the City or Town of Marksville, the State of Louisiana, Through the Department of Transportation and Development, Puritan Insurance Company, and Early American Insurance Company. Aetna Casualty & Surety Company, plaintiffs' auto insurance carrier, intervened. The trial court granted summary judgment in favor of the State of Louisiana, Through the Department of Transportation and Development, and dismissed the Town of Marksville and Puritan Insurance Company on plaintiffs' motion. The suit was tried before a jury which found that defendant, Parish of Avoyelles, was not guilty of any fault which was the proximate cause of plaintiff's injuries. In accordance with the jury's verdict, the trial court rendered judgment in favor of defendants, dismissing plaintiffs' and intervenor's action with prejudice.
Plaintiffs have appealed and raise the following issues:
(1) Whether the verdict rendered was contrary to the law and the evidence; and,
(2) Whether trial by jury was improper.

FACTS
On the morning of November 2, 1980, a car driven by plaintiff, Barry Veazey, was involved in a single-vehicle accident. Plaintiff was driving along Spring Bayou Road when he entered a series of curves which led up to a bridge. The final curve, which ended at the bridge, was the sharpest, almost ninety degrees. Plaintiff was unable to negotiate this curve, and his car crashed into the guardrail of the bridge and flipped over into a bayou. David Gagnard, who lives in the vicinity of the bridge, pulled plaintiff from his car. Two bystanders then resuscitated plaintiff, who regained consciousness after several minutes of resuscitation.
Plaintiff had only been on Spring Bayou Road once before, at which time he had been a passenger in his wife's car. Plaintiff testified that at the time of the accident he was driving at approximately 25 miles per hour. The testimony of David Gagnard, who saw the car plaintiff was driving moments before the accident, and that of plaintiffs' and defendants' experts was consistent with plaintiff's claim that his speed at the time of the accident was approximately 25 miles per hour.

JURY'S VERDICT
The jury found that defendant, Parish of Avoyelles, was not guilty of any fault or negligence which was the proximate cause of plaintiff, Barry Veazey's, accident. Plaintiffs maintain that the jury's verdict was contrary to the law and the evidence. We agree.
Under LSA-R.S. 32:235(B), the police jury is responsible for placing and maintaining traffic signs and controls within its jurisdiction. Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App. 3 Cir.1974), writs refused, 305 So.2d 539, 540 (La.1975); McCoy v. Franklin Parish Police Jury, 414 So.2d 1369 (La.App. 2 Cir.1982). As an outgrowth of this responsibility, the police jury has the legal duty to erect warning signs sufficient to warn motorists of hazardous conditions. Dabov v. Allstate Insurance Company, supra; McCoy v. Franklin Parish Police Jury, supra. The failure to do so would subject the parish to liability for damages resulting from the breach of that duty.
The failure of a governing authority to maintain appropriate warning signs or barricades at a "T" intersection where the road ends in a deep ditch has been held to be a breach of the authority's duty to protect *1059 travelers against unusually dangerous hazards. McCallum v. State, Department of Highways, 246 So.2d 46 (La.App. 3 Cir. 1971); McCoy v. Franklin Parish Police Jury, supra. In the case now before us, the hazard was a series of three or four curves leading up to a bridge. The second-to-last curve was a moderate curve to the right, followed by a short twenty-foot straightaway, and then a sharp, almost ninety degree curve to the left, which ended at the bridge. There were no signs to warn a driver of the presence of the curves or the bridge. In fact, there were no signs of any type. This situation presented an unusually dangerous hazard, and the Police Jury had a duty to post signs warning drivers of it. The failure to do so constituted legal fault upon the part of the Police Jury.
The plaintiff's own conduct also substantially contributed to his accident. The accident occurred on a clear, sunny day. Although the unmarked curves represented a hazardous condition, plaintiff could have avoided the accident had he been attentive. Drivers are under a neverceasing duty to maintain a proper lookout to see what should be seen. McCandless v. Southern Bell Telephone & Telegraph Company, 239 La. 983, 120 So.2d 501 (1960); Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App. 3 Cir.1984), writs denied, 457 So.2d 1195, 1198 (La. 1984). Defendants' expert testified that the bridge and final curve were visible from at least 270 feet, and that plaintiff's car could have been brought to a complete stop within 83 feet, allowing for perception, reaction, and stopping time.
In a case where the fault of a motorist and a governing body responsible for the maintenance of a roadway have combined to produce an accident, comparative negligence is applicable. Holmes v. State Through Dept. of Highways, 466 So.2d 811 (La.App. 3 Cir.1985); Hayes v. State, Through Dept. of Transportation, 467 So.2d 604 (La.App. 3 Cir.1985). Comparative fault requires the allocation of the percentage of fault attributable to plaintiff and defendant, respectively. Since the entire record is before us, we need not remand this case to the trial court, but may make this allocation ourselves. Holmes v. State Through Dept. of Highways, supra; Hayes v. State, Through Dept. of Transportation, supra; see also: Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975).
In the recent case of Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), our Supreme Court has set forth a number of guidelines for determining percentage of fault. These guidelines require us, when making that determination, to consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed.
"In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties."

Watson, at page 974.
In the instant case, plaintiff's conduct in failing to negotiate the last curve and striking the bridge railing was largely a result of inadvertence. Due in large part to the lack of warning signs, plaintiff was unaware of the danger presented by the particular road hazardif not of the danger inherent in driving inattentively. The Police Jury, on the other hand, as the governing body responsible for the placement and maintenance of signs, must be charged *1060 with knowledge of the dangerous situation created by the lack of warning signs. The failure to properly warn motorists of the hazard presented by the curves and bridge was an ongoing failure on the part of the Police Jury. In comparison, plaintiff's inattentiveness was, from all appearances, momentary.
Having considered the facts of this case in light of the Supreme Court's guidelines, we feel that the Police Jury was somewhat more at fault than plaintiff, Barry Veazey. Specifically, we find that defendant was 60% at fault and plaintiff was 40% at fault.

QUANTUM
Because of the jury's finding with regard to fault, it did not reach the question of damages. Since the full record is before us, we now turn to the consideration of this question.
Shortly after being resuscitated at the scene of the accident, plaintiff was taken to Marksville General Hospital. The emergency room doctor, Dr. Leon Claude LaHaye, testified that when plaintiff was brought in, he was somewhat disoriented and complained of pain in his shoulders and right hand. Plaintiff was also experiencing some difficulty in breathing due to his having inhaled muddy water into his lungs. As a result of the muddy water, plaintiff developed pneumonia. Plaintiff spent eight days in the hospital, during which time he was treated for pneumonia. X-rays also revealed that plaintiff had a bruised lung and a compression fracture of the thoracic vertebra.
On his discharge, plaintiff returned home. His wife testified that for one or two weeks plaintiff was confined to a sofa or his bed and even had trouble lifting a glass of water. His back was sore, and he suffered from severe headaches. Plaintiff was able to return to work some seven weeks after the accident. His headaches continued for some time, but had subsided by the time of trial, at which time plaintiff still was unable to lift heavy objects and had changed jobs, at least partially, in consideration of this inability to lift heavy objects.
As a result of his injuries, plaintiff missed seven weeks of work. Plaintiff was a fulltime employee, working forty hours a week at an hourly wage of $8.50. His lost wages then amounted to $2,380.00. The parties to the suit stipulated that plaintiff had incurred $6,744.26 in medical expenses. We itemize plaintiff's damages as follows:

General Damages_______________ $20,000.00
Medical Expenses______________ 6,744.26
Lost wages____________________ 2,380.00
 __________
TOTAL_________________________ $29,124.26

Plaintiff is entitled to recover 60% of these damages, or $17,474.56.
The only damage claimed by plaintiff, Sandra Veazey, is the loss of her car, which her husband was driving at the time of the accident. Unfortunately, no proof was presented at trial as to the car's value. Therefore, Sandra Veazey is not entitled to any recovery. Intervenor, Aetna Casualty & Surety Company, claimed that it had paid plaintiffs the sum of $7,295 under an auto insurance policy and that it was conventionally subrogated for the amount of this payment. Aetna Casualty & Surety Company has not appealed the judgment of the trial court, which dismissed its claim, and that judgment has become final. Tillman v. Public Belt R.R. Commission, 42 So.2d 888 (Ct. of App.La.Orl.1946); Blanke v. Miranne, 11 So.2d 264 (Ct. of App.La.Orl. 1942).

TRIAL BY JURY
Plaintiffs contend that the trial court erred in allowing a trial by jury. LSA-R.S. 13:5105 provides that:
"No suit against the state or a state agency or political subdivision shall be tried by jury."
In Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982), our Supreme Court held that this statute operated to deny a public body the right to request a jury trial. In Descant, however, the opposing *1061 party had objected to the granting of a trial by jury. In the present case, plaintiffs proceeded to trial without objecting to a trial by juryonly objecting after the rendition of judgment in defendant's favor. This fact would distinguish the present case from Descant. However, we need not decide this issue. Because of our decision to reject the jury's verdict, we need not consider plaintiffs' contention that a jury trial was improper.

DECREE
For the foregoing reasons, the judgment appealed from is reversed, and judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Barry Veazey, and against defendants, the Parish of Avoyelles and Early American Insurance Company, jointly, severally, and in solido, in the full sum of SEVENTEEN THOUSAND FOUR HUNDRED SEVENTY-FOUR AND 56/100 ($17,474.56) DOLLARS, with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demand of plaintiff, Sandra Veazey, and that of intervenor, Aetna Casualty & Surety Company, against defendants, the Parish of Avoyelles, Early American Insurance Company, and Puritan Insurance Company, are dismissed with prejudice.
Costs of this suit, both at the trial level and on appeal, are assessed 60% to the Parish of Avoyelles and its insurer, Early American Insurance Company, and 40% to plaintiff, Barry Veazey.[1]
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs. I would not refer to the Descant case inasmuch as we do not reach the jury issue.
NOTES
[1] For other cases where the costs have been assessed based on the percentage of fault assigned, see: Holmes v. State Through Dept. of Highways, supra; and Hayes v. State, Through Dept. of Transportation, supra.