FORET, Judge.
This action arises out of an automobile accident. Plaintiff, Michael D. McCoog, filed suit against defendant, Patricia R. Roberts, and her auto insurance carrier, Shelter Insurance Company, seeking to recover for damages and injuries he suffered in the accident. The action was tried before a jury which found that both plaintiff and defendant were guilty of negligence and apportioned the fault 50% to each. In accordance with this verdict, the trial court rendered judgment from which plaintiff appealed. Defendant has answered the appeal.
The sole issue before us on appeal is whether the trier of fact was clearly wrong in apportioning fault of 50% to plaintiff and 50% to defendant.
FACTS
Plaintiff, Michael D. McCoog, and defendant, Patricia R. Roberts, were involved in an automobile accident at the intersection of Willow Street and Louisiana Avenue in Lafayette, Louisiana. Plaintiff, the only occupant in his pickup truck, was traveling west on Willow Street. At the intersection in question, Willow Street is a four-lane road with a turning lane in the middle and it is the favored street. Defendant, accompanied by her two young children, was traveling north on Louisiana Avenue which, at the time, was a two-lane road with a middle turning lane. * Traffic on Louisiana Avenue was controlled at the intersection by a stop sign.
After stopping at the stop sign, defendant proceeded across the intersection. Plaintiff, who was traveling in the inside west-bound lane of Willow Street, did not see defendant until she was halfway across the intersection and on the verge of cross- *311 tag the lane in which he was traveling. Plaintiff applied his brakes but was unable to stop in time to avoid a collision with defendant’s car. Plaintiffs truck sustained substantial damage, and he, himself, suffered a concussion, an injury to one of his fingers, and bruises and abrasions. Apparently, defendant and her children were unhurt.
APPORTIONMENT OF FAULT
The jury found that plaintiff was contrib-utorily negligent and apportioned fault between him and defendant at 50% each. Both plaintiff and defendant have taken issue with the jury’s apportionment of fault. At the outset, we recognize that the findings of a trier of fact as to the percentage of fault are factual findings and should not be disturbed in the absence of clear and manifest error. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3 Cir. 1984). In determining the percentage of fault, we must consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed. Watson v. State Farm Fire and Casualty Co., 469 So.2d 967 (La.1985); Veazey v. Parish of Avoyelles, 476 So.2d 1057 (La. App. 3 Cir.1985), writs denied, 478 So.2d 1236 and 1238 (La.1985).
“In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.” Watson, at page 974.
There is no doubt that defendant failed to yield the right of way to plaintiff. The evidence also demonstrates fairly conclusively that defendant was inattentive and did not see what she should have seen, namely plaintiff’s approach down Willow Street. Although defendant surmised that her view of plaintiff might have been obscured by an oak tree, apparently that tree was located some distance down the road and would not have obscured plaintiff’s approach for very long. Defendant herself admitted that the last direction she looked in before proceeding across the intersection was left, away from the direction of plaintiff’s approach, and that she continued to look in this direction until just before the collision. Defendant admits then that, as she slowly crossed the intersection, she did not look in the direction of plaintiff’s approach until she had crossed or was on the verge of crossing the lane plaintiff was traveling in when it was too late for the accident to be avoided. Had defendant looked in this direction in time, she would have seen plaintiff’s approach and, since she was traveling at a low rate of speed (10 mph), in all likelihood, she could have avoided the collision. In essence then, defendant had the last clear chance to avoid the accident.
Although defendant has argued that there was evidence of inadvertence on the part of plaintiff, we fail to find any. Plaintiff testified that just before he saw defendant’s car, he had glanced to the other side and that when he looked back, plaintiff’s car was proceeding across the intersection. Plaintiff attempted but was unable to avoid the accident by applying his brakes. The evidence does not support the conclusion that defendant was inattentive and any conclusion by the jury to the contrary was clearly wrong.
Defendant has also claimed that plaintiff was traveling in excess of the posted speed limit which was 45 mph. The only evidence that plaintiff was speeding was the testimony of defendant that plaintiff was traveling at 50 to 55 mph. This testimony, however, was mere speculation. Defend *312 ant admitted that she did not see plaintiffs truck until after he had applied his brakes. Nevertheless, she testified that plaintiff was driving at 50 to 55 mph based on her conclusion that he would have had to be traveling that fast to have been obscured by the oak tree when she last looked in his direction and reached the point of collision when he did. Defendant’s testimony as to plaintiffs speed then was based on the assumption that she had failed to see plaintiffs truck when she was stopped at the intersection because it was obscured by the oak tree. Defendant’s estimate of plaintiff’s speed depended on a complicated calculation which would require one to know or estimate the distance from that point on Willow Street where defendant’s view of plaintiff’s truck would have been obscured by the oak tree to the point of the accident; and, in addition, the time which elapsed between defendant’s last glance in plaintiff’s direction and the time of the accident. Defendant bears the burden of proving any contributory negligence which will reduce plaintiff’s recovery by a preponderance of the evidence. Bridgewater v. State Through Dept. of Corrections, 434 So.2d 383 (La.1983); Inseco v. Cambridge Mutual Fire Insurance Co., 447 So.2d 606 (La. App. 3 Cir.1984), writs denied, 449 So.2d 1349 and 449 So.2d 1350 (La.1984). Defendant’s speculation regarding plaintiff’s speed is insufficient to carry that burden and any conclusion by the jury otherwise was clearly wrong. The record fails to show any contributory negligence on the part of plaintiff and, accordingly, we will reverse the jury’s finding in this regard.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed in part and affirmed in part and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of MICHAEL D. McCOOG in the full and true sum of NINE THOUSAND DOLLARS ($9,000), with legal interest thereon from date of judicial demand.
All costs at the trial level and on appeal are to be paid by defendants-appellees.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.