541 So.2d 360 (1989)
Minnie Lee LANGER and Janice Marie Cowan, Plaintiffs/Appellants,
v.
BIENVILLE PARISH POLICE JURY, et al., Defendants/Appellees.
No. 20376-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
Rehearing Denied April 20, 1989.
Writ Denied June 16, 1989.
*361 Culpepper, Teat & Avery by Bobby L. Culpepper, Jonesboro, for Minnie Lee Langer.
Hatch & Smith by James R. Hatch, Homer, for Janice Marie Cowan.
May & Beal by Walter E. May, Jr., Jonesboro, for Bienville Parish Police Jury.
Before HALL, C.J., and FRED W. JONES, Jr. and HIGHTOWER, JJ.
HALL, Chief Judge.
Plaintiffs, Minnie Lee Langer and Janice Marie Cowan, appeal from the trial court's judgment rejecting their demands against the defendant, Bienville Parish Police Jury, in this suit arising out of a one-vehicle accident. The issue presented is whether the plaintiffs proved this accident which occurred on a foggy night in a curve on a rural parish road was caused by the defendant's failure to properly sign and mark the roadway. We agree with the trial court's finding that the plaintiffs did not meet their burden of proving the police jury had a duty to sign and mark this curve on this particular roadway.

FACTS
At about 9:00 p.m. on December 27, 1984, Ms. Langer was operating a 1981 Oldsmobile Cutlass on Bienville Parish Road 131 and Ms. Cowan was her guest passenger. They were travelling from Grambling to Jonesboro to see a basketball game and decided to take a short cut. They got lost on this unfamiliar road and were about an hour late for the game. There was patchy dense fog which at times reduced the visibility to 3 or 4 feet according to the testimony of Ms. Langer. Ms. Langer failed to negotiate a curve approximately 9 miles south of Arcadia and the vehicle left the roadway. There were no curve warning signs and there was no white line on the edge of the road. There was an intermittent yellow centerline which had faded and needed repainting.
The surface of the road was blacktopped or asphalt and the road was approximately 18 feet wide. There is conflicting testimony as to whether the road surface was wet or not. Both plaintiffs deny the road surface was wet but the investigating officer indicated the surface contained some moisture.
At trial both plaintiffs testified as did the Louisiana State Trooper who investigated the accident. The trooper testified there were 81 feet of tire marks to the left of the centerline made by plaintiff's vehicle as it approached the point where it left the road. The trooper testified that the vehicle was on the left side of the road just before it ran off the road to the left. After leaving the road the car travelled 40 feet into the ditch at which point the vehicle turned over. It then slid another 45 feet on its roof and came to rest after knocking out a small portion of a nearby fence. The officer issued a citation to Ms. Langer for violating the general speed law for her unsafe speed for the roadway conditions. The trooper testified that as he was travelling *362 to the accident scene he would have to slow down to a safe speed because of the very limited visibility created by the dense fog.
Ms. Cowan testified that at times the fog became so thick she would get on her knee on the front floorboard of the passenger side so that she was better able to view the road. Both plaintiffs testified they primarily watched the right edge of the roadway surface for guidance through the dense fog.
Plaintiffs argue that the Bienville Parish Police Jury is liable for their damages either under the theory of strict liability according to LSA-C.C. Art. 2317 or under negligence according to LSA-C.C. Art. 2315. Plaintiffs argue that the defendants are liable because there was no curve warning sign, no advisory speed sign, no white lines showing the edges of the road, and the intermittent yellow centerline was so faded that it offered no assistance under the driving conditions encountered by them.
The defendants argue that the sole cause of the accident was the failure of plaintiff Langer to keep a proper look out, to operate her vehicle at a safe speed, and to maintain control of her vehicle in the dense fog.
The trial court acknowledged that the curve would be safer with signs and freshly painted centerlines and outside lines, but found sufficient information was not presented by the plaintiffs for it to ascertain the duty of defendant in regard to this curve. The trial court further found there were insufficient facts and evidence to prove the absence of the signs and lines was in fact a cause of the accident.

DUTY
In order to recover, plaintiffs must establish a duty on the part of the defendant, a breach of that duty, and that the breach caused the accident.
LSA-R.S. 32:235(B) grants local, municipal, and parish authorities the authority and responsibility to place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary. Veazey v. Parish of Avoyelles, 476 So.2d 1057 (La.App. 3d Cir. 1985), writs denied, 478 So.2d 1236, 1238 (La.1985). McCoy v. Franklin Parish Police Jury, 414 So.2d 1369 (La.App. 2d Cir. 1982). Because of this responsibility, the police jury has the legal duty to erect warning signs sufficient to warn motorists of hazardous conditions. McCoy v. Franklin Parish Police Jury, supra. The failure to so warn subjects the parish to liability for damages resulting from the breach of that duty.
Plaintiffs described the curve as an "L" curve. An adjoining landowner said it was "stiff." It is difficult to judge the severity of the curve from the photos, but it does not appear to be particularly abrupt or dangerous. It appears to be an ordinary curve that one would expect on a rural, secondary parish road. There was no evidence of any previous accidents on this curve and the adjoining landowner testified he did not know of any previous accidents.
No expert testimony was offered by either side as to the degree of the curve, its severity, or the speed at which it could be safely negotiated. No evidence was offered as to the requirements of the highway manual or as to safety standards for marking curves or how such requirements or standards relate to rural parish roads.
Although the parish has a duty to post signs warning of a dangerous curve, the evidence fails to establish that this curve was dangerous or that a curve warning sign or other markings were required by any safety standard. It was not established that this unmarked curve was unreasonably hazardous or dangerous, or that the police jury had a duty to post a curve sign or other warnings.
Since no unreasonable risk of harm was presented, there was no duty to warn. Since there was no duty, there was no breach of duty, and no liability.
The trooper's testimony that there were 80 feet of tire marks before the plaintiff's car left the road, and that it travelled 40 feet off the road through the ditch and 45 more feet before it came to rest upside down, is convincing evidence that plaintiff was travelling at an excessive speed under the heavy, patchy fog conditions existing at *363 the time of the accident. She was lost and late getting to the basketball game. It is evident that she was travelling at an unsafe speed when she entered the curve and was not exercising the degree of caution required under the weather conditions.

CONCLUSION
We agree with the trial court's finding that insufficient evidence was presented to establish that the police jury had a duty to post a curve sign or other markings in regard to this curve.
We are not required to determine whether plaintiffs proved the absence of warning signs and lines caused the accident because of our determination that the plaintiffs failed to prove the police jury had a duty to place curve signs and paint lines on this rural, two-lane roadway.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to the plaintiffs-appellants.
Affirmed.

ON APPLICATION FOR REHEARING
Before HALL, FRED W. JONES, Jr., HIGHTOWER, MARVIN and LINDSAY, JJ.
Rehearing denied.