JjCOOKS, Judge.
This is an appeal from a consolidated personal injury suit. Plaintiffs appeal the trial judge’s finding that they failed to establish a causal link between the condition of the roadway and the accident at issue.
Susan Whitson, Robert Whitson, her husband, and Bernadette Whitson Smith, their daughter, filed a petition for damages against Peggy Wiley (the driver), State Farm Mutual Automobile Insurance Company, Artellis Charrier, Jr. (the owner of the vehicle), the Rapides Parish Police Jury, and the State of Louisiana through the Department of Transportation. Before trial, all defendants except the Rapides Parish Police Jury were dismissed.
Peggy Wiley also filed suit against the Rapides Parish Police Jury and the State of Louisiana through the Department of Transportation. Her suit against DOTD was dismissed.
FACTS
On March 1, 1990, at approximately 2:30 p.m., Peggy Wiley was driving south in a Ford Tempo on Philadelphia Road in Rap-ides Parish. Susan Whitson was driving north on the Usame road in a Chevrolet Corsica. As Peggy was coming out of a curve, her vehicle collided with Susan’s vehicle. Susan and Peggy were injured in this near head-on collision.
Plaintiffs contend the accident was caused by the negligence of the Rapides Parish Police Jury (Police Jury). They assert the Police Jury was negligent because it failed:
(1) to comply with the mandates of the Louisiana Highway Regulations Act and all related provisions of law;
(2) to warn the public of the danger in that area of Philadelphia Road;
*560 (3) to maintain the roadway in good condition;
(4) to mark the centerline of the roadway and/or marking same inadequately or improperly;
(5) to properly design the roadway;
(6) to provide adequate or proper shoulders on the roadway; and
(7) to properly grade the roadway.
The Police Jury contends Peggy’s failure to maintain a proper lookout and operate her vehicle at a safe speed was the sole cause of the accident.
After a bench trial, the judge concluded plaintiffs failed to show the condition of the road where the accident occurred was a cause-in-fact of the accident; and, he rendered judgment in favor of Rapides Parish Police Jury. Plaintiffs appeal.
DISCUSSION
To recover damage plaintiffs must establish a duty on the part of the defendant, a breach of that duty, and the breach of the duty caused the accident. Keith v. Bearden, 488 So.2d 1071 (La.App. 2d Cir.), affirmed as amended on other grounds, 498 So.2d 706 (La.1986).
Under LSA-R.S. 32:235(B), local, municipal and parish authorities are responsible for placing and maintaining traffic control devices upon highways within their jurisdiction. Dabov v. Allstate Ins. Co., 302 So.2d 697 (La.App. 3d Cir.1974), writ denied, 305 So.2d 539 (La.1975). As a corollary to this responsibility, the Police Jury has a legal duty to erect warning signs sufficient to warn motorists of hazardous conditions. Veazey v. Parish of Avoyelles, 476 So.2d 1057 (La.App. 3d Cir.1985), writs denied, 478 So.2d 1236, 1238 (La.1985). The failure to do so may subject the Parish to liability for damages resulting from the breach of that duty.
Peggy argues the Police Jury failed to post a sign on the southbound lane warning her that there was a curve ahead or a sign warning her to reduce her speed. Duaine Evans, an expert in traffic engineering and accident reconstruction, conducted a ball bank test to determine what kind of signs, if any, should have been posted before the curve where the accident occurred. |gHe concluded a sign warning southbound motorists of the curve and cautioning them to reduce their speed to 25 mph was required under the guidelines of the American Association of State Highway and Transportation Officials and Manual on Uniform Traffic Control Devices. Evans stated, in the absence of the recommended sign, the curve presented an unreasonable risk of harm.
Peggy testified she did not see a sign. Susan traveled on the southbound lane of Philadelphia Road earlier that morning and she stated she saw a sign indicating a curve was ahead but the sign was leaning. Aubrey Edwards, who fives 250 yards away from the curve where the accident occurred, testified he did not know whether the sign observed by Edwards was present on the day of the accident. Charlotte Wiley, Peggy’s sister, stated she visited the accident site one or two days after the incident and she did not see the sign. State Trooper Johnny R. Martin, who investigated the accident, testified because he did not note the presence of a warning sign on the accident report he was 99% sure there was no sign. Although the Police Jury presented a photograph of the curve with a sign posted, the photo was taken a year after the accident.
Even though plaintiffs presented evidence showing a warning sign was not present or the leaning condition of the sign rendered it inadequate, such proof alone does not establish that the police jury is liable for the injuries they sustained. Peggy and Susan must also prove the absence of the warning sign was a cause-in-fact of their injuries. The cause-in-fact test is a “but for” inquiry that examines whether the injuries would not have occurred but for the defendant’s substandard conduct or whether the conduct was a substantial factor in bringing about the injuries. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Burdis v. Lafourche Parish Police Jury, 618 So.2d 971 (La.App. 1st Cir.), writ denied, 620 So.2d 843 (La.1993).
Peggy asserts she collided with Susan’s car because she hit a pothole filled with water near the shoulder of her lane that caused her *561 to hydroplane and slide into Susan’s lane. She claims there was a strong, steady rain the day of the accident. She also presented testimony that when there is a hard rain water collects in the southbound lane where she claims she hydroplaned. However, the individuals who testified water collects on the road did not see the condition of the road the day of the accident; and, they did not know the amount of rainfall that day. Susan testified it only drizzled off and on during the day. State Trooper Martin testified Peggy did not tell him standing water on the road made her lose control of her vehicle. He stated that if she had given him this information, he would not have issued her a ticket for failure to maintain control. Peggy told him she hit her brakes when she saw Susan’s vehicle, which caused her to skid into USusan’s vehicle. Martin also testified there was not enough standing water to cause Peggy to hydroplane when he arrived approximately one hour after the accident. The road had small indents in it where water had collected but there was not enough water in the indents to fill an ashtray.
Peggy also gave conflicting testimony about where she was on the road when the accident occurred: she was not traveling in Susan’s lane; she could not recall if she was in the middle of the road or in her lane; she had already crossed the centerline when she entered the curve. Martin’s testimony corroborates Peggy statement that she was traveling in the center of the road before she entered the curve. There were no skid marks, Martin explained, because a vehicle must slide a “pretty good ways” before the tires become hot enough on a wet road to leave skid marks. However, the tires of Peggy’s automobile left a glaze on the road that indicated Peggy was in the center of the road before she entered the curve.
It is well-settled that a court of appeal may not set aside a trial court’s finding of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The accident occurred early in the afternoon. Peggy testified she could see the curve before she entered it and Susan’s approaching car. Martin testified the center-line markings on the road in the curve were present but faded due to the rain. Physical evidence shows Peggy was traveling in the center of the road before the accident occurred. Under these circumstances, the trial court was not clearly wrong in concluding the condition of the road or possible absence of warning signs were not a cause-in-fact of the plaintiffs injuries. Peggy was able to see the curve and Susan’s oncoming vehicle. The trial judge found Peggy failed to show that the condition of the road caused her to travel in the center of the road. Reviewing the record, we cannot say the trial court’s factual conclusion on the issue of causation is clearly •wrong.
DECREE
For the reasons expressed above, the trial court’s judgment is affirmed at appellants’ costs.
AFFIRMED.