JjSHORTESS, Judge.
This case arose out of an accident at the intersection of Stevendale Road, a parish road, and Louisiana Highway 426, known as Old Hammond Highway, in East Baton Rouge Parish. Mitchell Sharpley (Sharpley) was driving his Mazda 626 down Stevendale Road in heavy rain during the early morning hours of October 13, 1986, toward Old Hammond Highway. His wife Patricia Sharpley, sister-in-law Deborah Ketten, Ketten’s son Richard Brandon Dente, and two other minors were passengers in the vehicle. The intersection forms a 51-degree-angle “T” where the two roads merge. A stop sign at the end of Stevendale Road was obscured by foliage up to approximately 85 to 100 feet before the parish road ended. Sharpley did not see the sign until it was too late to stop safely. He never saw the yellow reflective sign with double black arrows on Old Hammond facing Stevendale, which indicated a motorist must turn either right or left. Consequently, his vehicle traveled across Old Hammond into the ditch on the other side, injuring Sharpley and his passengers. Sharpley and his wife sued the City of Baton Rouge and Parish of East Baton Rouge (the City-Parish) and the State of Louisiana, through the Department of Transportation and Development (the State). Ketten separately sued the same defendants on behalf of her son and individually.
The suits were consolidated, and after a bench trial the State was dismissed, the City-Parish was apportioned 40 percent of the fault, and Sharpley was apportioned 60 percent of the fault in the accident.[1] Plaintiffs appealed, contending the trial court erred in apportioning fault to Sharpley and also contending the State should share in liability to plaintiffs with the City-Parish. The City-Parish appealed, contending Sharp-ley was 100 percent at fault, the Uobscured stop sign was not a factor in causing the accident, and the yellow double-arrow sign was sufficient warning that the road ends.
An appellate court may not set aside a trial court’s findings of fact unless they are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In reviewing the fact finder’s conclusions, an appellate court should not question whether the conclusions were right or wrong, but whether they were reasonable. Stobart v. State, 617 So.2d 880, 882 (La.1993).
A. Sharpley’s contributory fault
Sharpley testified he and his party went to the home of a friend for a barbecue earlier the previous day. The group left to return home at approximately 3:00 a.m. in the rain. Sharpley’s host directed him to take Steven-dale Road until he reached Old Hammond Highway, then take Old Hammond Highway to Airline Highway, which would lead him back to the interstate. Sharpley testified he could not see well because it was raining very hard. He stated he did not see the stop sign *23 until the last minute because it was obstructed by foliage. When he saw it, he hit his brakes, but his car hydroplaned forward into the ditch. He said he never saw the reflective yellow double-arrow sign facing Steven-dale Road.
Generally, a motorist has a duty to act reasonably and prudently under the circumstances and is charged with keeping a proper lookout, seeing what they should see, maintaining proper control of their vehicle, and observing traffic signs. Cooke v. Travelers Ins. Co., 590 So.2d 657, 663 (La.App. 3d Cir.1991), writ denied, 592 So.2d 414 (La.1992). Motorists are held to a higher degree of care in adverse conditions, and their duty to keep their vehicle under control increases in periods of low visibility. Crockett v. U.S. Fidelity & Guar. Co., 229 So.2d 169, 173 (La.App. 1st Cir.1969), writ denied, 255 La. 286, 230 So.2d 589 (La.1970). If conditions warrant it, motorists may be required to stop their car and remain at a standstill until conditions warrant going forward. Hernandez v. State Farm Mut. Auto Ins. Co., 192 So.2d 679, 682 (La.App. 3d Cir.1966), writ not consid., 250 La. 103, 194 So.2d 99 (La.1967). Drivers do not have the right to assume their course of travel is free from danger if they cannot see clearly ahead. If they continue to travel as if they knew there was perfect clearance, they do so at their own risk and peril. Hernandez, 192 So.2d at 682-683.
The trial court was not manifestly erroneous in finding Sharpley was contribu-torily negligent in causing the accident. Although he was not driving in excess of the speed limit, he clearly was driving beyond what the conditions warranted if he could not see far enough ahead to notice the yellow reflective signs facing Stevendale Road. Andrew J. McPhate, an expert in mechanical engineering and vehicle dynamics who testified on behalf of plaintiffs, testified that on a clear night the yellow double-arrow sign would be visible from a distance of 600 to 800 feet with bright lights and from 300 to 400 feet with dim lights. On a rainy night visibility is not as clear.
Sharpley’s duty was to drive as carefully as the conditions required. If he could not see the yellow double-arrow sign in time to stop, he breached this duty. If necessary, his duty was to wait until the rain subsided enough that he could see unobstructed signs. If he failed to see the signs at all, he was negligent in failing to see what he should have seen. Furthermore, even though the record indicates his view of the stop sign was obstructed until 100 feet before the road ended, Sharpley’s own testimony shows he knew he would be turning off Stevendale Road onto Old Hammond High-way. Although he was not charged with a duty to know the road would end, he did have actual knowledge it was going to intersect with Old Hammond, and he was going to have to turn. Furthermore, the tree line along Old Hammond gave approaching | (¡traffic an illusion of á barrier to approaching motorists. The fact finder’s conclusion Sharpley was contribu-torily negligent was not unreasonable.
B. The fault of the City-Parish
The record indicates the stop sign did not come clearly into view until approximately 85 to 100 feet before Stevendale Road ended. James R. Clary, Sr., an expert in highway design, safety, and signing, testified for plaintiffs that 237 feet is required in front of a stop sign for a normal driver to stop. If there is a permanent or intermittent obscurement, then national safety and signing standards call for a “Stop Ahead” sign to warn motorists of an upcoming stop.
Local, municipal, and parish authorities are responsible for placing and maintaining traffic control devices upon roadways within their jurisdiction. La.R.S. 32:235(B). The City-Parish has a legal duty to erect warning signs sufficient to warn a motorist of hazardous conditions. Failure to do so may subject the City-Parish to liability for damages resulting from breach of that duty. Whitson v. State Farm Mut. Auto. Ins. Co., 94-572 and 94-573, p. 2 (La.App. 3d Cir. 12/7/94), 647 So.2d 558, 560. Furthermore, motorists are not required to anticipate that a roadway on which they are traveling will suddenly end in a ditch. Stephens v. Town of Jonesboro, 25,715 and 25,716, p. 12 (La.App. 2d Cir. 8/19/94), 642 So.2d 274, 282, writs denied, 94-2351, 94-2557, 94-2577 (La. 11/29/94), 646 So.2d 400.
*24 The fact finder was reasonable m concluding Sharpley’s view of the stop sign was obstructed, the City-Parish had constructive if not actual notice of the obstruction, and the obstruction contributed to causing the accident. The fact finder also was reasonable in concluding the yellow double-arrow sign alone was insufficient warning the road ended and a “Stop Ahead” sign should have been placed by the City- Parish. We find no manifest error in finding the City-Parish was partly at fault.
C. Liability of the State
Without elaboration, the trial court found the State was free from fault. Plaintiffs contend the evidence at trial proved the State had performed maintenance on the stop sign, and thus the State had a continuing responsibility to maintain the sign, a duty which it breached. The record does not establish definitively that the State performed any work on the sign. The evidence indicated the sign faced a parish road and responsibility for signs facing the parish road lay with the City-Parish. The evidence conflicted concerning whether the State may have performed any maintenance work on the sign in connection with its regular maintenance of Old Hammond Highway. However, the City-Parish had been at the intersection and performed work on the stop sign in July prior to the accident in October.
The parties presented much testimony concerning whether the stop sign was a State sign or a City-Parish sign, which we do not find very relevant. The City-Parish clearly had responsibility for maintaining a clear view of signs on city and parish roads. The sign itself was not covered with foliage. Nothing was inherently wrong with the sign. The foliage prevented motorists from having an unobstructed view of the sign until 85 to 100 feet before the road ended. The trial court was not unreasonable in finding the State free from fault because it had no duty to travel up and down city and parish roads to be sure signs could be seen.
For the foregoing reasons, the trial court’s factual findings and allocation of fault were not manifestly erroneous. The judgment of the trial court is affirmed.
AFFIRMED.

. Sharpley, his wife, Ketten, and her son are hereinafter collectively referred to as plaintiffs.