JiDECUIR, Judge.
Plaintiffs, Brian Neal Schuetz and his wife, Sandy Diane Schuetz, individually and *170 on behalf of their minor child, Hanna Diane Schuetz, filed suit as a result of an injury to Brian Neal Sehuetz’s left eye while using a weedeater on the premises of Best Merchandise, Inc. American Central Insurance Company, the liability insurer of Best Merchandise, Inc., filed a motion for summary judgment contending that Brian Schuetz was employed by Best at the time of the accident, and its policy excluded coverage for bodily injury to employees of the insured arising out of and in the course of employment by the insured; and alternatively, that Louis Schuetz was not acting in his capacity as ofñcer or employee of Best at the time of the accident and, therefore, the American Central policy does not provide coverage for plaintiffs injury.
The trial court found that Brian Schuetz was not an employee of the insuredj^and that the American Central policy does not provide coverage because Louis Schuetz was not acting on behalf of the insured at the time of the accident. The trial court granted the motion for summary judgment from which plaintiffs now appeal. The effect of the trial court judgment denies plaintiffs a remedy under both workers’ compensation law and tort law.
It is undisputed that on May 29, 1992, while Brian Schuetz and his wife were inside the premises of Best Merchandise, Inc., a retail hardware store owned by Schuetz’ father, Louis Schuetz, plaintiff asked his father for a loan to pay his water bill. It was agreed between father and son that to pay off this debt, Brian would perform weedeat-ing, brush clearing and lawn services on the Best Merchandise premises. While weedeat-ing, a metallic object flew into Brian’s left eye, resulting in the loss of his eye.
It is also undisputed that the weedeater in question was owned by Best Merchandise; the accident occurred on premises leased by Best Merchandise; Best Merchandise as lessee agreed to maintain the property in exchange for being allowed to use another section of the property to demonstrate the use of and to test lawnmowers sold or repaired by Best Merchandise. It is also undisputed that Louis Schuetz was a stockholder and president of Best Merchandise prior to and at the time of the plaintiffs accident.
Plaintiffs filed suit alleging that Best Merchandise, American Central’s insured, failed to warn Brian of the risks at the site and failed to provide safety goggles, and that the property under the care, custody and control of the insured was defective in that its overgrowth obscured the metal object which injured plaintiffs eye, rendering the property unreasonably dangerous.
It is undisputed that the general liability policy issued by American Central ^provides coverage to the insured’s executive officers and employees with respect to the performance of their job duties, but excludes coverage for bodily injuries to an employee of the insured arising out of the course and scope of employment. The trial judge in oral reasons found that the agreement between father and son had “nothing to do with the business.”
Plaintiffs contend on appeal that the trial court erred in determining that Brian was not an employee of the insured, but nevertheless granting summary judgment. Plaintiffs argue that them claims against defendants are based in negligence and strict liability, and the trial court erred in granting summary judgment. We agree.
As stated previously, American takes the position that Brian was an employee at the time of the accident and under the policy is excluded from coverage; and alternatively, if plaintiff is not an employee, then the work he was performing at the time of the accident was done for the benefit of his father acting in his personal capacity and not as president of the insured. American Central argues that the policy provides coverage for officers and employees of the insured with respect to their job functions, and since Louis Schuetz was acting in his personal capacity at the time of the accident, the policy does not provide coverage for plaintiffs injury.
Summary judgment is seldom appropriate in negligence cases in which the decision turns on a determination of whether or not defendant’s conduct constitutes a tort. Such a determination usually involves a factual dispute. Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3 Cir.1981). Whether Louis Schuetz was acting with respect to his job function or in his *171 personal capacity in having his son perform work on the insured’s premises is a question of fact. Plaintiffs’ allegations of defendant’s failure to warn and failure to provide safety goggles in the instant case clearly involve genuine issues of material fact affecting a determination of liability [4under a theory of negligence. Furthermore, a genuine issue of material fact exists with respect to plaintiffs’ allegations that the property which Brian was clearing was unreasonably dangerous. Issues pertaining to an alleged defect usually require factual determinations that should rarely be resolved by summary judgment. White v. Gulf States Utilities, 465 So.2d 287 (La.App. 3 Cir.1985). We find that summary judgment was improperly granted.
The judgment of the trial court is reversed and this ease is remanded for further proceedings. Costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.