847 So.2d 739 (2003)
Johnny Leroy COBB, et al.
v.
DELTA EXPORTS, INC., et al.
No. 03-0033.
Court of Appeal of Louisiana, Third Circuit.
June 4, 2003.
*740 John Charles Anderson, Robert Wickliffe Fenet, J. Konrad Jackson, Fenet, Jackson & Anderson, New Orleans, LA, Jere Jay Bice, J. Rock Palermo III, Bice & Palermo, Lake Charles, LA, for Plaintiffs/Appellants Johnny Leroy Cobb and Margaret C. Cobb.
James R. Nieset, Plauche, Smith, & Nieset, Lake Charles, LA, for Defendants/Appellees City of Lake Charles Continental Insurance Company.
Albert David Giraud, Ginger Kaye De-Forest, Ungario & Eckert, Metairie, LA, for Defendants/Appellees America Ins. Co., Waste Management, Inc, and Delta Exports, Inc.
Russell Joseph Stutes Jr., Scofield, Gerard, Veron, et al, Lake Charles, LA, for Defendants/Appellees Greg Massey and Linda Massey.
Randall C. Mulcahy, Stockwell, Sievert, et al., Lake Charles, LA, for Defendants/Appellees State Farm Mutual Auto Ins. Co.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The plaintiffs, Johnny Leroy Cobb and Margaret C. Cobb, appeal the judgment in favor of the defendants, the City of Lake Charles, Waste Management of Louisiana, and Delta Exports, Inc., granting their motions for summary judgment and dismissing them from the case. For the following reasons, we reverse in part, affirm in part, and remand.

FACTUAL AND PROCEDURAL BACKGROUND
Following a January 1997 ice storm, the city of Lake Charles undertook the substantial task of cleaning up the debris and damage left behind in its wake. Because of the enormity of the project, the City contracted with Waste Management, Inc. to assist in the debris removal. Waste Management contracted with Delta Exports, who hired Jack Gibson, of J & P Logging, to provide equipment and manpower for the cleanup process.
On February 7, 1997, Johnny was traveling down Lake Street in Lake Charles and proceeded to turn on to Louie Street where he saw that a crew was working to remove debris from the sides of the street. The crew was using a front-end loader and a crane and they were loading the debris into large eighteen-wheeler dump trucks. Johnny waited awhile before deciding he *741 would attempt to pass the large dump trucks. He entered the opposing lane and moved forward until he encountered the front-end loader, driven by James Wright, which backed into the front of his truck.
The Cobbs filed suit urging that his vehicle was destroyed and that he suffered severe personal injuries. The action was removed to the United States District Court for the Western District of Louisiana, but was remanded to the Fourteenth Judicial District Court in November 1999.
In November 2000, the City filed a motion for summary judgment urging that it had no obligation to provide traffic control and did not exercise any control over the cleanup activities. In May 2002, Delta filed a motion for summary judgment urging that they could not be deemed vicariously liable for the acts of Wright since J & P was a subcontractor, rather than its servant, and was in no direct contractual relationship with Waste Management. Also in May 2002, the Cobbs filed a motion for partial summary judgment urging that there were no genuine issues of fact as to the City, Waste Management, and Delta Exports' liability pursuant to La.Code Civ.P. art. 966. In July 2002, in an effort to prevent delay, the Cobbs dismissed Jack Gibson from the case because he had filed for bankruptcy.
Following a hearing on September 11, 2002, the trial court rendered judgment on the City, Waste Management, and Delta's motions for summary judgment, dismissing the Cobb's claims against them. The Cobbs now appeal.

ISSUES
The Cobbs assign as error:
1. The trial court's dismissal of the City and its insurer based solely on the finding that debris cleanup of a city street does not constitute "maintenance," when they have other theories of liability against the city under La.Civ.Code art. 2315 and 2317 and La.R.S. 9:2800.
2. The trial court's failure to find the City liable under a theory of strict liability for failing to provide Johnny with the legally required warnings of a dangerous condition on the roadway under the sole care, custody, and control of the City.
3. The trial court's finding that the City was not responsible for clearing debris from the street following an ice storm as its charter provides it with a duty to maintain city streets.
4. The trial court's finding that the City could delegate its responsibilities and liability for safe removal of debris and warning the motoring public of dangerous conditions on the roadway.
5. The trial court's finding that the risk of inadequate notice of a dangerous condition on a city street lies with the motoring public, rather than with the city or its contractor, which assumed the obligation to provide notice.
6. The trial court's grant of summary judgment in favor of Waste Management although the trial court found that Waste Management had a contractual obligation to provide total traffic control for the debris clean up operations in the city.
7. The trial court's finding that a contract existed between Waste Management and Delta Exports and Delta Exports and Jack Gibson.
8. The trial court's finding that Jack Gibson was the legal employer of James Wright.
9. The trial court's grant of summary judgment in favor of Waste Management and Delta Exports when conflicting *742 genuine issues of material fact precluded a conclusion as to who was the legal employer of James Wright and who was in control of the cleanup operations in the city.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. Id. Material facts are those that determine the outcome of the legal dispute. Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. Id. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art 966(A)(2).

THE CITY
The Cobbs urge that they met their burden of proving the City's liability, that summary judgment should have been granted in their favor, and that summary judgment was improperly granted in favor of the City. We agree that the trial court improperly granted summary judgment in favor of the City.
Questions of negligence are generally inappropriate for disposition by summary judgment. Schuetz v. Best Merchandise, Inc., 97-43 (La.App. 3 Cir. 6/4/97), 696 So.2d 169. While the city is not the insurer of the motoring public, it does have a duty to keep its roadways in reasonably safe condition. We find that there is a genuine issue of material fact as to whether the city was negligent in its handling of the clean-up process.
Proceedings against a public entity for damages resulting from a defective condition in the roadway, whether based on strict liability or negligence, entail the same elements. La.Civ.Code art. 2317 states:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
La.Civ.Code art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have know of the ruin, vice, or defect which cased the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case
*743 La.R.S. 9:2800 addresses the limitation of liability for public bodies and states in pertinent part:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
In Bellard v. South Central Bell Telephone Co., 96-1426, pp. 4-6 (La.App. 3 Cir. 8/27/97), 702 So.2d 695, 700, writ denied, 97-2415 (La.12/12/97), 704 So.2d 1202 (footnotes omitted), we set forth the applicable law pertaining to a government body's duties regarding its public roads:
It is well settled that the parish owes a duty to maintain the roads in its custody and control in a reasonably safe condition. Carroll v. Evangeline Parish Police Jury, 94-1138 (La.App. 3 Cir. 3/1/95); 651 So.2d 424, writ denied, 95-806 (La.5/5/95); 654 So.2d 329. However, this duty does not require the parish to be an insurer of travelers on its roads, but instead, requires the road to be in a reasonably safe condition so that prudent and careful drivers will not be exposed to injury. Hasha v. Calcasieu Parish Police Jury, 94-705 (La.App. 3 Cir. 2/15/95); 651 So.2d 865, writs denied, 95-667, 95-676 (La.4/28/95); 653 So.2d 592, 593; Pitts v. Bailes, 551 So.2d 1363 (La.App. 3 Cir.), writ denied, 553 So.2d 860 (La.1989), writ denied, 556 So.2d 1262 (La.1990). Additionally, the Louisiana legislature has placed the responsibility on parish authorities to maintain traffic control devices upon highways within its jurisdiction. See La. R.S. 32:235(B).
This responsibility is the basis of a legal duty to the public.
Because of this responsibility, the police jury has the legal duty to erect warning signs sufficient to warn motorists of hazardous conditions. McCoy v. Franklin Parish Police Jury, [414 So.2d 1369 (La.App. 2d Cir. 1982.)]. The failure to so warn subjects the parish to liability for damages resulting from the breach of that duty.

Carroll, 651 So.2d at 426, citing Langer v. Bienville Parish Police Jury, 541 So.2d 360, 362 (La.App. 2 Cir.), writ denied, 546 So.2d 177 (La.1989). However, liability hinges on the parish having actual or constructive knowledge of the existence of the hazardous or unreasonably dangerous condition. A determination of whether the parish has breached its duty will depend on the facts and circumstances present in each case. Manasco v. Poplus, 530 So.2d 548 (La.1988).
Whether damages are sought under a theory of negligence or strict liability, the elements to be proven by a plaintiff before he/she can recover from a government defendant based on a defective condition of a roadway are the same. La.Civ.Code art. 2315; La.Civ.Code art. *744 2317; La.R.S. 9:2800; Ryland v. Liberty Lloyds Ins. Co., 93-1712 (La.1/14/94); 630 So.2d 1289. A plaintiff must prove that: (1) the defendant owned or had custody of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; (3) the defendant had actual or constructive knowledge of the defect and failed to take corrective actions within a reasonable time; and (4) the defect was a cause-in-fact of the accident. Faulkner v. State, Dep't of Transp. & Dev., 25,857, 25,858 (La. 2 Cir. 10/26/94), 645 So.2d 268, writs denied, 94-2901, 94-2908 (La.1/27/95); 649 So.2d 390; Newsom v. State, Dep't of Transp. & Dev., 93-815 (La.App. 3 Cir. 3/30/94); 640 So.2d 374, writ denied, 94-1118 (La.6/24/95); 641 So.2d 207.
The trial court did not address this issue, but dismissed the city finding that it was relieved of any liability because it could delegate the non-maintenance duty of cleaning up the debris after the ice storm. The contract with Waste Management did provide that it would be responsible for traffic control. It stated:
This is a total service package that provides size reduction, collection hauling, & cleanup of the material. Contractor will be responsible for providing signs, barricades, and flagmen for total traffic control during the collection and hauling operation.
We shall not address the issue of the appropriateness of the city's delegation of its duty to clean-up the streets following the storm. Even if the duty was appropriately delegated, there exists a material question of fact regarding the negligence of the city.
The Cobbs claim there was some evidence suggesting that city employees drove around to make sure the clean-up operations were under way. Accordingly, they argue that the city was aware of the lack of traffic control. If the City had knowledge of the failure of Waste Management and its successors to provide traffic control and if it failed to take corrective actions to remedy the situation, there is a material question of fact as to whether the City breached its duty to provide a reasonably safe roadway. The ultimate factual question would be whether a genuine issue of fact exists with respect to whether the lack of traffic control created an unreasonable risk of harm. In that regard, it is for the factfinder to determine whether this breach, if it is so found, was the cause-in-fact of the Cobbs' injuries. Therefore, we find that the trial court improperly granted summary judgment in favor of the City as there exists a material question of fact in this case.
The Cobbs urge that there is no genuine issue of material fact that the City is strictly liable to them and that the trial court failed to even address the issue. The Cobbs urge that the City is strictly liable to them under La.Civ.Code art. 2317 and La.R.S. 9:2800, by virtue of its ownership, care, custody, and control of the city street and its knowledge that a dangerous condition, a front end loader traversing the street, picking up debris, and placing same into one of two eighteen wheeler trucks, existed on it. The Cobbs further claim that the City was aware of this condition as evidenced by the contract it had with Waste Management.
It is undisputed that the City has ownership and garde over Louie Street. The Cobbs claim that the unreasonably dangerous condition that existed on it, which the City was aware of, was the front-end loader picking up debris and the failure of the City to warn Johnny of the absence of "traffic safety steps being taken to protect the motoring public." For the reasons stated above, we find that these issues are for the factfinder to determine and are not *745 appropriate for a summary judgment determination. We, therefore, affirm the trial court's denial of Cobb's motion for partial summary judgment.

NON-DELEGABLE DUTY
The Cobbs further urge that the City could not delegate the maintenance and cleaning of Louie Street pursuant to its own city charter, which adopted all of the rules of the Department of Transportation and Development. The Cobbs urge these rules are a matter of public policy and are affirmative duties that cannot be abrogated by contract. The trial court found that the removal of the storm debris was not "maintenance," thus, the job of clearing the debris was a delegable duty. Since we have found that the issue of the City's liability does not hinge on whether this duty could be delegated, this issue is moot and we need not address it here.

OBLIGATIONS
Finally the Cobbs argue that, even if it were delegable, a transfer of obligations does not release the original obligor pursuant to La.Civ.Code art. 1821. Similarly, this issue is also rendered moot by our findings that summary judgment in favor of the City was inappropriately granted.

WASTE MANAGEMENT AND DELTA EXPORTS
The Cobbs have alternative theories of liability against Waste Management. In the first, the Cobbs urge that, pursuant to the contract it had with the City, it agreed to assume total traffic control, and its failure to do so, by not communicating the need for traffic control to Delta Exports, was negligence resulting in his injuries. In the second, they urge that Waste Management is vicariously liable as the borrowing employer of Wright.
We find it was inappropriate to dismiss Waste Management via summary judgment. Clearly, per its contract with the City, it assumed a duty to provide total traffic control pertaining to the cleanup operation. Thus, the determination of whether it communicated this duty (and the extent of the risk encompassed by this duty) to Delta Exports is a fact issue to be determined by the factfinder and not to be resolved on a summary judgment motion. Thus, we find the trial court erred in granting summary judgment in favor of Waste Management.
The Cobbs also urge alternative claims against Delta Exports. First, they claim Delta is vicariously liable for the negligence of Wright, as the employer or borrowing employer, and second, because it has garde liability under La.Civ.Code art. 2317 for the care, custody, and control of the front end loader.
Finally, we decline to address the Cobbs assignments of error pertaining to the employer/employee issues. Because we have found summary judgment was inappropriate, these issues should also be addressed by the factfinder at a trial on the merits.

CONCLUSION
The denial of the plaintiff-appellants', Johnny Leroy Cobb and Margaret C. Cobb, motion for partial summary judgment is affirmed. The trial court's grant of summary judgment in favor of the defendants-appellees, the City of Lake Charles, Waste Management of Louisiana, and Delta Exports, Inc., is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed equally among the defendants.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.