668 So.2d 735 (1995)
Felton James CALLIHAN, Plaintiff-Appellant-Appellee,
v.
TOWN OF VINTON, Defendant-Appellee-Appellant.
No. 95-665.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Order on Rehearing March 12, 1996.
*737 Payton R. Covington, Lake Charles, for Felton James Callihan.
Dennis R. Sumpter, Sulphur, for Town of Vinton.
Mary M. Hamilton, Lafayette, for Fidelity & Casualty Company of New York.
Before KNOLL, COOKS and SAUNDERS, JJ.
SAUNDERS, Judge.
Plaintiff, Felton James Callihan, appeals from the trial court's award of general damages in the amount of $60,000.00 and special damages in the amount of $47,437.55. Defendant, *738 Town of Vinton, answers the appeal and also assign errors of law. Intervenor, Fidelity Casualty Company of New York, also answers each appeal.
Plaintiff, Felton James Callihan, an employee of Coburn Supply Company, Inc., was given the task of delivering some cast iron fittings to the Town of Vinton. In order to unload these fittings, plaintiff and Billy Wayne Burke, a prisoner employed by the Town of Vinton through a work release program, proceeded to pull the fittings to the rear of the truck where they could be removed more easily. Plaintiff and Burke intended to attach a chain to one end of the fittings and pull the other end with a backhoe.
In the course of securing the chain with the backhoe's bucket, plaintiff's right hand was caught in the closing jaw; Burke was operating the backhoe at the time. The ensuing accident resulted in permanent disabilities and accompanying deformities to the plaintiff's right hand.
Subsequently, plaintiff filed this action seeking damages against the Town of Vinton and Billy Wayne Burke. Fidelity Casualty Company of New York, Coburn's compensation insurer, intervened to recover money paid to and on behalf of plaintiff.
A trial on the merits was had on June 16 and 17, 1994. From the evidence adduced at trial, the trial court found that Burke's negligent operation of the backhoe substantially contributed to the resulting injuries incurred by plaintiff. As an employee of the Town, the fault attributed to Burke individually was imputed to the Town of Vinton.
Plaintiff's condition was evaluated by four doctors. Plaintiff also underwent two surgeries and was diagnosed with a permanent disability of the right hand ranging from 10% to 25%.
Accordingly, the trial court found that plaintiff was entitled to a general damage award of $60,000.00 for past and future pain and suffering, disfigurement, and 25% permanent partial disability to his right hand. Plaintiff was also granted special damages in the amount of $47,437.55, which included $38,672.18 in medical bills and $8,765.37 in worker's compensation. This was the stipulated amount of the intervention claim filed by Coburn's workers' compensation carrier, Fidelity Casualty Company of New York. Therefore, plaintiff was awarded a total of $107,437.55.
The trial court assigned the Town of Vinton 70% of the fault and attributed the remaining 30% to the plaintiff himself.
Plaintiff appeals this judgment on the basis that:
(1) The trial court committed "manifest error" or "clear error" when it failed to consider past loss of earnings;
(2) The lower court erred when it failed to award future loss of earnings;
(3) Error was committed in finding comparative negligence of 30% on the part of plaintiff;
(4) The trial court erred by awarding general damages of only $60,000.00.

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
See Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier *739 of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
This court has recognized that "[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id.

Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 882-883 (La.1993) (notes omitted).
This is not to suggest, however, that courts of appeal are not required to review findings of fact by the trial court. To the contrary, as the Supreme Court stated in Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099, pp. 8-9 (La. 7/5/94), 639 So.2d 216, 221:
Notwithstanding the Court's earlier guidance to reviewing courts in Stobart v. State through DOTD, 617 So.2d 880 (La. 1993), it was not our purpose in that case to mandate that the trial court's factual determinations cannot ever, or hardly ever, be upset. Although deference to the factfinder should be accorded, the court of appeal, and the Louisiana Supreme Court, nonetheless have a constitutional duty to review facts. Of course, the reviewing court may not merely decide if it would have found the facts of the case differently. Rather, notwithstanding the belief that they might have decided it differently, the court of appeal should affirm the trial court where the latter's judgment is not clearly wrong or manifestly erroneous. Because the court of appeal has a constitutional function to perform, it has every right to determine whether the trial court verdict was clearly wrong based on the evidence, or clearly without evidentiary support. (Notes omitted)

A. PERCENTAGE OF FAULT:
We find from the foregoing facts that the trial court was correct in holding that the plaintiff, Felton James Callahan, was 30% at fault. Apportionment of fault is an issue of fact, and the trial court's findings in this respect should not be disturbed on appeal in the absence of manifest error. Monceaux v. Jennings Rice Drier, Inc., 590 So.2d 672 (La.App. 3 Cir.1991). A finding is manifestly erroneous only if it has no reasonable basis in the record viewed in its entirety. Stobart v. State, DOTD, 617 So.2d 880.
The trial court was in the best position to determine that the plaintiff was 30% at fault after viewing all parties during testimony, therefore, great deference is afforded to the trial court's decision. Rosell v. ESCO, 549 So.2d 840 (La.1989). From the record, we find no evidence that would support a *740 departure from this finding. We, therefore, accept the trial court's conclusion that plaintiff was 30% at fault in the aforementioned accident.

B. GENERAL DAMAGES:
We do not find any evidence to contradict the findings of the medical expert witnesses, nor do we find that the award of $60,000.00 in general damages is an abuse of the trial court's much discretion. Plaintiff was seen by four physicians and all found permanent disability. Plaintiff received open fractures to his dominant hand which required the insertion of a metal plate and two subsequent surgeries. Since the accident, plaintiff has undergone intensive physical therapy.
Defendants argue that the award is excessive, we disagree. Plaintiff's medical bills are over $37,000.00 and are indicative of the severity of his injuries. Our standard of review on the issue of damages was clearly set forth by our supreme court in Youn v. Maritime Overseas Corporation, 623 So.2d 1257 (La.1993) at 1260-61, cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), where the court explained:
In Reck v. Stevens, 373 So.2d 498 (La. 1979), this Court commented on appellate review of general damage awards and on the "much discretion" in fixing damages accorded to trial courts by La.Civ.Code art. 1934(3) (1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In Reck, this court disapproved the appellate court's simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1974).
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. (Footnotes omitted.)
After considering the facts of this case in the light of the foregoing standard of review, *741 we cannot say the trial court's award is so high so as to be unreasonable and an abuse of the trier of fact's much discretion.

C. AWARD FOR PAST DAMAGES:
Plaintiff argues that the trial judge erred by failing to award damages for past loss of earnings. The fact finder did award special damages, but made no mention that past loss of earnings was included in that award. In addition, the amount awarded in special damages indicates that loss of earnings was not included.
At the time of trial, plaintiff had not been able to return to work. Mr. Clodile Romero, manager of Coburn's Supply Company, testified that he did not hire plaintiff back because plaintiff was no longer able to do the required physical work. The record clearly indicates this proposition to be true.
Before we can disturb an award for damages, the record must clearly show that the trial court abused its discretion in making the award. The question is not whether a different award may have been more appropriate, but whether the trial court's award can be reasonably supported by the record. Reck v. Stevens, 373 So.2d 498 (La.1979). It is clear that the trial court erred in not awarding past loss of earnings. We can find no explanation for these awards being omitted except for oversight on the part of the trial court.
Damages for loss of past wages are not necessarily limited to a multiplier of the amount earned at the time of injury. Folse v. Fakouri, 371 So.2d 1120 (La.1979). It can be computed on the amount the plaintiff would in all probability have been earning at the time of trial. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Dr. Charles Bettinger, economist, testified for the plaintiff. He found yearly cash wages of $17,108.00, plus yearly fringe benefits of $4,815.90. He found that plaintiff had a loss of earnings to the date of trial, June 13, 1994, of $64,584.00. We agree with his calculations in that defendants put on no rebuttal witness to these findings. However, plaintiff's 30% fault should first be subtracted leaving an amount of $45,208.80. Furthermore, plaintiff having already received $8,765.37 in workers' compensation disability benefits over the amount of medical costs, should have this amount deducted, leaving a balance of $36,443.43. From our calculation and a review of the record, we feel that this is the amount that defendant should pay for past loss of earnings.

D. FUTURE LOSS OF EARNINGS:
It is well established that a loss of future earnings award is not merely based upon the difference between a plaintiff's earnings before and after a disabling injury. Such an award is predicted upon the difference between the plaintiff's earning capacity before and after the disabling injury. Folse v. Fakouri, 371 So.2d 1120 (La.1979). It is clear from the record that an award of future loss of earnings should have been given at the trial level. Reck v. Stevens, 373 So.2d 498 (La.1979).
Awards for loss of future income or future earning capacity are inherently speculative and insusceptible of calculation with mathematical certainty. The factors to be considered in determining future loss of income includes the plaintiff's physical condition before and after his injury, his past work record and the consistency thereof, the amount the plaintiff probably would have earned absent the injury complained of, and the probability that he would have continued to earn wages over the balance of his working life. Odom v. Claiborne Electric Co-op, Inc., 623 So.2d 217 (La.App. 2 Cir.1993), writ denied, 629 So.2d 1171 (La.1993). Plaintiff had worked as a steady employee for Coburn Supply Company for eleven (11) years. Plaintiff testified that he had a tenth grade education but vocational rehabilitation specialist Glenn Hebert testified that plaintiff's test scores basically put him in the category of "functional illiterate." Mr. Hebert testified that plaintiff had a third grade reading level and that he was classified as unemployable. Mr. Hebert attributed the unemployability of plaintiff to plaintiff's lack of cognitive abilities, his age of 52 years, and his race. Mr. Hebert felt that plaintiff could possibly secure a minimum wage position, however, he stated that it would probably be only part-time *742 because employers will not hire an older injured individual because of the cost of medical insurance. It is further noted by this court that defendants had no expert to rebut this testimony.
Dr. Bettinger found that the plaintiff would have probably worked until the age of 65 or 11.38 more years because of his small retirement program. This would put his total loss of earning capacity at $201,981.00. However, we believe that plaintiff is employable, at least on a part-time basis. As Dr. Bettinger testified, if plaintiff were able to work 20 hours a week part-time at minimum wage, he would earn approximately $41,972.00 over the course of his calculated work career. We feel that this figure should be deducted from the calculated loss of earning capacity figure. From this calculation, we find that the lower court should have awarded $160,009.00 for loss of future earning capacity.

INTERVENOR'S RIGHTS
Because of the inadequacy of the record, we remand this case to the trial court to determine what reimbursement is owed to the intervenor, Fidelity Casualty Company of New York, and to resolve the intervenor's issues. Moody v. Arabie, 498 So.2d 1081 (La.1986).

DECREE
In accordance with the reasons set forth in this opinion, that part of the judgment of the trial court which awarded plaintiff $60,000.00 in general damages and $47,437.55 in special damages is affirmed less plaintiff's 30% apportioned fault for a total of $75,206.28.
We amend the judgment of the trial court to award plaintiff $36,443.43 for past loss of earnings from which plaintiff's 30% fault has already been deducted. We award $160,009.00 for loss of future earning capacity less plaintiff's 30% apportioned fault for a total of $112,006.30. These totals equal $148,449.93. This gives plaintiff a total recovery of $223,656.21. Further, we remand this case to the trial court to decide the intervenor's rights to reimbursement. Costs are assessed to defendants.
AFFIRMED IN PART; AMENDED IN PART AND RENDERED; REMANDED.
In an application for rehearing, plaintiff-appellant/appellee, Felton James Callihan, called this Court's attention to the mathematical error in the amount awarded. Our original opinion is in error in the award of $223,656.21 to plaintiff. Accordingly, we amend our original opinion correcting the award to plaintiff and raise the award to $226,285.50, plus legal interest. Otherwise, we reaffirm our original opinion.
Because we reaffirm, by this per curiam, our original judgment in all respects, save and except the above correction, a formal rehearing is unnecessary and the same is denied.
REHEARING DENIED.