NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1225

ADOLPH J. DUPUIS

VERSUS

SHELTER MUTUAL INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-0283
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

AFFIRMED.

William H. Goforth
Goforth & Lilley
P. O. Drawer 3563
Lafayette, LA 70502-3563
(337) 237-5777
Counsel for Plaintiff/Appellant:
    Adolph J. Dupuis

Thomas R. Hightower, Jr.
Patrick Wade Kee
John A. Durrett
Attorneys at Law
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Defendant/Appellee:
    Shelter Mutual Insurance Company

**Peter C. Piccione, Jr.**
**Attorney at Law**
**P. O. Box 5150**
**Lafayette, LA 70502-5150**
**(337) 234-1132**
**Counsel for Plaintiff/Appellant:**
  **Adolph J. Dupuis**

**DECUIR, Judge.**

Adolph Dupuis appeals a jury's award for loss of earning capacity and future medical expenses alleging that both are inadequate. For the reasons that follow, we affirm.

## FACTS

Adolph Dupuis is the owner of Charity's Gift Shop in Lafayette, Louisiana. He injured his back and neck when his vehicle was involved in a rear-end collision on February 8, 2001. As a result of this accident, Dupuis filed suit against Shelter Mutual Insurance Company, his underinsured motorist carrier. After a jury trial, judgment was entered in favor of Dupuis for $40,000.00 in future medical expenses, and $75,000.00 for loss of earning capacity, an additional $80,709.60 in general and special damages. Dupuis lodged this appeal alleging that the future medical and loss of earning capacity awards are clearly wrong.

## FUTURE MEDICAL EXPENSES

Dupuis contends that the jury's award of $40,000.00 in future medical expenses is abusively low in light of the evidence. The crux of his argument is that the jury arbitrarily reduced by half the calculation of his expert based on a twenty-year life expectancy, instead of reducing the calculation to his actual life expectancy of 16.3 years.

Future medical expenses are an element of special damages and as such are reviewed by appellate courts under the manifest error standard. *Cormier v. Colston*, 05-0507 (La.App. 3 Cir. 12/30/05), 918 So.2d 541.

Were the raw figures presented to the jury the only evidence, Dupuis' assertion might have some merit. That is not the case. The jury also heard evidence from the medical experts. This evidence established that some of Dupuis' future medical expenses were not attributable to the accident and would have been necessary due to

his age and preexisting degenerative conditions. After a careful review of the record, we find no manifest error in the jury's determination.

## LOSS OF EARNING CAPACITY

Dupuis contends that the jury erred in its award for loss of earning capacity by failing to accept the testimony of his experts and failing to award compensation for fringe benefits.

An award for the loss of future income is inherently speculative. *Callihan v. Town of Vinton*, 95-665 (La.App. 3 Cir. 12/6/95), 668 So.2d 735. In determining a future loss of income, a trial court must consider the plaintiff's physical condition before and after his injury, his past work record and the consistency thereof, the amount he probably would have earned absent the injury, and the probability that he would have continued to earn wages over the balance of his working life. *Odom v. Claiborne Elec. Co-op., Inc.*, 623 So.2d 217 (La.App. 2 Cir.), *writ denied*, 629 So.2d 1171 (La.1993). The manifest error rule governs the review of awards for loss of earning capacity. *Detraz v. Hartford Accident & Indem. Co.*, 94-708 (La.App. 3 Cir. 12/7/94), 647 So.2d 576. The appellate question is not whether a different award may have been more appropriate, but whether the trial court's award can be reasonably supported by the record. *Id.*

Dupuis argues that proper deference has not been given to the testimony of his experts regarding his lost earning capacity. After reviewing the record, it is evident that there are other issues that could have impacted the jury's determination regarding his lost earning capacity. First, Dupuis reported only $7,200.00 income on his tax returns for many years prior to the accident. While he stopped taking a salary for two years prior to trial, his wife's income out of the business increased from $7,200.00 to $14,400.00. Dupuis' accountant, Darren Cart, confirmed that the same amount had

2

been going into the joint checking account for twenty years and that Dupuis continued to receive the same benefits from the business as prior to the accident.

Second, given that Dupuis was sixty-four years old at the time of trial, it would not be unreasonable for the jury to conclude that his ability to do some of the more physical tasks related to his ownership would have declined despite the occurrence of the accident. Moreover, Mr. Cart also testified that the sell off of inventory to maintain income, which was alleged to be caused by the accident, was also part of the business plan prior to the accident. He testified that it was designed to support retirement and that though no age had been determined for that process to begin, the age sixty-five or so would be normal.

Under these circumstances, we cannot say that the jury's decision to credit the hard data over the speculative projections of Dupuis' expert was manifestly erroneous.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Adolph Dupuis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3